## Loasby *v.* Irvin, Appellant.

*Mechanics' lien—Subcontractor — Contractor — Agreement that liens might be filed—Conflicting testimony—Case for jury.*

Where a dealer accepts from a general contractor a proposal for the plumbing and heating of a number of houses, but under an express agreement made with the owner personally that the latter would pay to the dealer directly for such material, the dealer is a contractor, and entitled to file a lien for the material furnished.

Where the evidence is conflicting as to whether the owner agreed that the dealer should file liens, although the general contractor had under a recorded contract agreed that no liens should be filed by any one, the case is for the jury.

Argued Oct. 16, 1916.   Appeal, No. 62, Oct. T., 1916, by defendants, from judgment of C. P. No. 1, Philadelphia Co., March T., 1914, No. 4055, M. L. D., on verdict for plaintiff in case of Arthur W. Loasby and W. Hobart Porter, Ancillary Receivers of Pierce, Butler and Pierce Mfg. Co., v. Harold C. Irvin, Owner or Reputed Owner

232    LOASBY *v.* IRVIN, Appellant.

Statement of Facts—Opinion of the Court. [65 Pa. Superior Ct.
and Contractor and J. Willison Smith, Registered Own-
er.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD,
KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Scire facias sur mechanics' lien.    Before PATTERSON, J.

At the trial it appeared that on November 11, 1912,
Harold C. Irvin entered into a written contract with
James Morris, a plumber, to supply the heating appa-
ratus for thirty-one houses which Irvin was building.
The contract, which was duly recorded, provided that
neither Morris nor any one else should file liens.    Morris
purchased material from Pierce, Butler and Pierce Mfg.
Co.    This company made some deliveries, but when their
bills were not paid, stopped delivering material.    They
subsequently resumed deliveries and filed a mechanics'
lien for the materials furnished.    The evidence was con-
flicting as to whether the owner, Irvin, had agreed with
Pierce, Butler & Pierce Mfg. Co. that if it would resume
delivering material, it might file a lien therefor.

Verdict and judgment for plaintiff for $290.97.    De-
fendants appealed.

*Error assigned,* amongst others, was in refusing bind-
ing instructions for defendant.

*Robert Mair,* with him *Wayne P. Rambo* and *Ormond
Rambo,* for appellants.

*J. Quincy Hunsicker,* for appellees.

OPINION BY ORLADY, P. J., December 18, 1916:

On the trial in the court below it was not denied that
the materials for which payment was claimed, were fur-
nished as alleged, and that they were not paid for.    The
defense was that Morris, the plumber, through whom
they were furnished, had agreed that he would not file
liens and that the legal plaintiff had no right to file such
lien.    The issue presented narrowed down to a dispute

as to a single fact. The plaintiff claimed the right to recover, for the reason that it was distinctly and expressly agreed by the defendant Irvin, owner, that liens should be filed in case of default of payment, and this question was submitted to the jury in an adequate charge, viz: "If you believe that Morris was simply acting as the plumber in the transaction, to assemble the parts together and install the heat plants, but that the agreement to furnish was made by the Pierce, Butler & Pierce Company, on one side, and Irvin, the defendant, on the other, then it is your duty to bring in a verdict for the plaintiff for the amount claimed in each one of these cases." The opposite of this contention was as clearly submitted, and the jury instructed that if it found as claimed by Irvin, the verdict should be in his favor. The court rightly held that the letter offered in evidence was a separate and independent contract between these parties.

As the case was presented by counsel, the disputed facts were fairly submitted, and the evidence adduced fully warranted the verdict returned by the jury in that Irvin was not relying on the waiver of liens in a contract with Morris, but directly agreed verbally, as an inducement to get the material for the eight houses, that the plaintiff should have the right of lien, in default of payment. As we held in Pierce, Butler & Pierce Manufacturing Company v. Rogers, 60 Pa. Superior Ct. 293, where a dealer accepts from a general contractor a proposal for the plumbing and heating of a number of houses, but under an express agreement made with the owner personally that he would pay to the dealer directly for such material, the dealer is a contractor and entitled to file a lien for the material furnished.

The judgment is affirmed.